IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAROOQ A ALEEM,

    Petitioner,

v.

DERRAL G ADAMS,

    Respondent.
                                        /

No. C 08-02780 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Farooq A. Aleem is currently serving an indeterminate term of 65 years to life in state prison. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C 2254. The respondent is **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner was convicted of false imprisonment, contributing to the delinquency of a minor, forcible oral copulation, kidnaping to commit forcible oral copulation, witness dissuasion, criminal threats, forcible penetration by a foreign object, misdemeanor battery, and sexual battery. There were two victims (Jane Doe 1 and Jane Doe 2.)

Petitioner then appealed to the California Court of Appeal. While his direct appeal was pending, he filed a petition for writ of habeas corpus in the same court. In November 2006, the court of appeal affirmed his convictions and denied his petition for habeas relief. The next month, he filed his petition for review in the California Supreme Court. In March 2007, his

1  petition for review from the appeal and for review of the denial of his habeas petition were
2  denied.  Petitioner filed the instant action for federal habeas relief on June 4, 2008.

**ANALYSIS**

**1.   STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. 2254(a).  A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless.  28 U.S.C. 2243.  Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**2.   PETITIONER'S LEGAL CLAIMS.**

Petitioner first argues that trial counsel rendered ineffective assistance of counsel by failing to object to inadmissible hearsay.  He was therefore improperly convicted of the following four counts against Jane Doe 1: forcible oral copulation, forcible penetration by a foreign objects, criminal threats, and sexual battery.  His second claim was that he was denied protection under the Due Process Clause of the Fourteenth Amendment because the one-strike findings in connection with forcible oral copulation were not based on the substantial evidence of the use of physical force to move Jane Doe 2.  With respect to the same forcible oral copulation counts, petitioner next argues that his due process rights were violated because there was insufficient evidence to show that moving Jane Doe 2 substantially increased the risk of harm to her.  Finally, another due process violation resulted when petitioner was convicted for aggravated kidnaping to commit oral copulation.  He argues that the prosecution did not use sufficient evidence to show that moving Jane Doe 1 substantially increased the risk of harm to her. Petitioner states valid claims.  The state therefore must answer.

**CONCLUSION**

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order.  **RESPONDENT SHALL FILE AND SERVE UPON**

2

**PETITIONER, BY AUGUST 4, 2008, AN ANSWER** conforming to Rule 5 of the Rules governing Section 2254 Cases in the United States District Courts. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated: June 9, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE